**UNITED STATES v. DANIELS et al.**
Crim. No. 293–49.

United States District Court
D. New Jersey.
June 21, 1950.

Alfred E. Modarelli, U. S. Atty., Newark, N. J., by Charles J. Tyne, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Anthony A. Calandra, Newark, N. J., for defendants.

SMITH, District Judge.

The present petitioners Robert Daniels and Albert Zaccone were arrested on June 3, 1949, and on the following day were charged with a violation of the Internal Revenue Laws in a complaint made before the United States Commissioner pursuant to Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The arrest of the petitioners was followed by a search of the premises on which they were apprehended and a seizure thereon of certain property. The arrest of the petitioners was without warrant, but the search and seizure were made under the authority of a search warrant previously issued.

The matter is before the Court at this time on the motion of the said petitioners to quash the search warrant issued by the Commissioner on June 2, 1949 and to suppress the evidence seized under its authority. The motion rests on the verified petition of the petitioners, the transcript of testimony taken before the Commissioner in a related proceeding, the testimony taken before this Court, and the relevant documents.

The validity of the search warrant is attacked on the ground that the evidence before the Commissioner was insufficient to establish "probable cause" within the meaning of the Fourth Amendment to the Constitution. This ground is without merit. It clearly appears upon a reading of the affidavits that the factual statements contained therein were based upon the observations and personal knowledge of the affiants, experienced investigators of the Alcohol Tax Unit. The facts and circumstances recited in the affidavits, considered in their entirety, were "sufficient in themselves to warrant a man of reasonable caution in the belief" that an offense was being committed on the premises. Nothing more was required to support the determination of the Commissioner that "probable cause" existed. Dumbra v. United States, 268 U.S. 435, 440, 441, 45 S.Ct. 546, 69 L.Ed. 1032; Husty v. United States, 282 U.S. 694, 700, 701, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Brinegar v. United States, 338 U.S. 160, 175, 176, 177, 69 S.Ct. 1302, 93 L.Ed. 1879; Shore

v. United States, 60 App.D.C. 137, 49 F.2d 519, 521; Garhart v. United States, 10 Cir., 157 F.2d 777, 779; Lowrey v. United States, 8 Cir., 161 F.2d 30, 33; Carney v. United States, 9 Cir., 163 F.2d 784, 786. The Commissioner was entitled to rely not only on the facts and circumstances disclosed by the affidavits but also on the inferences of which such facts and circumstances were reasonably susceptible.

■ A search warrant may issue upon adequate proof of "probable cause," which has been heretofore defined as nothing more than reasonable grounds for belief based upon facts and circumstances known to the officers and disclosed to the commissioner. See the cases hereinabove cited. The evidence must be of sufficient weight to establish "probable cause;" it is not necessary, however, that the evidence be of sufficient weight to establish guilt beyond a reasonable doubt. The difference in the standards was discussed by the Supreme Court in the case of Brinegar v. United States, supra, 338 U.S. at page 174, 69 S.Ct. 1302, at page 1310, 93 L.Ed. 1879. It was therein stated: "if those standards (the standards ordinarily applicable in criminal prosecution) were to be made applicable in determining probable cause for an arrest or for search and seizure, * * *, few indeed would be the situations in which an officer, charged with protecting the public interest by enforcing the law, could take effective action toward that end. Those standards have seldom been so applied.[1]" See also Dumbra v. United States, supra, and the other cases hereinabove cited.

■ The validity of the search warrant is attacked on the further ground that the affidavits contain only one averment of fact, to wit, that the investigators detected the odor of fermenting mash on three occasions, May 25, 27 and 31, 1949, when the premises were under surveillance. The petitioners argue that this fact was insufficient to support the determination of "probable cause." The argument is answered in the case of Johnson v. United States, 333 U.S. 10, as page 13, 68 S.Ct. 367, at page 368, 92 L.Ed. 436. It is there-

in stated: "We cannot sustain defendant's contention, erroneously made, on the strength of Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951, that odors cannot be evidence sufficient to constitute probable grounds for any search. That decision held only that odors alone do not authorize a search without warrant. If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character."

The argument of the petitioners seems to conveniently ignore the other relevant facts which were before the Commissioner. The determination of "probable cause" did not rest on an isolated fact. The affiants stated that they detected the odor of fermenting mash and, further, that they observed the activities of persons on and near the premises on May 25, 27 and 31, 1949. These activities, coupled with the presence of the odor of fermenting mash, were most significant. The facts and circumstances known to the affiants and stated in their affidavits were more than sufficient to support their belief that an illicit still **was** in operation on the premises.

The petitioners further contend that the search warrant was illegally executed at night. This contention is based upon the pertinent provisions of Rule 41(c) of the Rules of Criminal Procedure, which read as follows: "The warrant shall direct that it be served in the daytime, but if the affidavits are *positive* that the property is * * * in the place to be searched, the warrant may direct that it be served at any time." (Emphasis by the Court.) The meaning of the word "positive" is determinative of the question raised by this contention. We must concede that the meaning of the word as used in the rule is not free from doubt.

The New Standard Dictionary of the English Language (Funk and Wagnalls) gives several definitions. They follow:

1. See footnotes 12, 13 and 14 at pages 174 and 175, of 338 U.S., 69 S.Ct. at pages 1310, 93 L.Ed. 1879.

228

"1. Having existence that is defined or determined by the presence of some condition and not by its absence; that is or may be directly affirmed; real; actual; existing, hence, appreciable or determinable by sense or sensation: opposed to negative; 3. Openly and plainly expressed; explicit; express; direct, emphatic: opposed to implied or inferred; 5. Not admitting of doubt or denial; incontestable; undeniable; certain; sure; as, proof positive." We have omitted other definitions which, in our opinion, are not applicable.

■ It is our opinion that the rule requires nothing more than an explicit statement, supported by positive evidence, as distinguished from negative evidence, "that the property is in the place to be searched." The explicit statement may not rest upon inferences drawn from the absence of evidence. The rule requires averments of fact sufficiently persuasive to support a reasonable inference that the property is in fact on the premises. A more rigid construction would require proof beyond a reasonable doubt that the property is in the place to be searched. Such a construction would enable the criminal to completely conceal an illegal enterprise behind an insurmountable barrier, provided, of course, he pursued it only at night. The present case is a good example; the evidence before the Commissioner would indicate that the illicit distillery was in operation at night.

■ One of the affiants states, "I can say definitely and do say that there is an illicit still used for the production of distilled spirits in operation at the said premises." We are willing to concede that this is a mere conclusion and, if it were standing alone, would be insufficient. This conclusion, however, is supported by the averments of fact contained in the affidavit. The facts and circumstances recited in the affidavit do not exclude other conclusions, but this is not required. The other affidavit contains a similar statement, which is likewise supported by the facts and circumstances therein recited.

■ The motion to suppress the evidence is predicated solely upon the alleged violation of the constitutional right guaranteed by the Fourth Amendment of the Constitution. It has been uniformly held that the guarantee of this Amendment is a personal right available to those who claim ownership or possession of the premises invaded or the property unlawfully seized. Shore v. United States, supra, 49 F.2d 522; Connolly v. Medalie, 2 Cir., 58 F.2d 629, 630; Mello v. United States, 3 Cir., 66 F.2d 135, 136; Grainger v. United States, 4 Cir., 158 F.2d 236, and other cases hereinafter cited. Persons who seek the protection of the Amendment must allege a violation of their right thereunder and support the allegation by adequate proof; they may invoke the jurisdiction of the court to protect their right, but they may not avoid the perils incident to the admission of the ownership or possession of contraband. Shore v. United States and Connelly v. Medalie, supra; Kitt v. United States, 4 Cir., 132 F.2d 920, 921, 922.

■ It is our opinion that the present petitioners are not in a position to avail themselves of the protection afforded by the Amendment. Their joint petition alleges that the Commissioner issued a search warrant which authorized the search and seizure "of the premises of the petitioners thereby authorizing the search and seizure of the property of the petitioners." This cannot be regarded as an unequivocal claim of ownership or possession sufficient to support the present motion. We would disregard this apparent equivocation if the evidence were sufficient to support a claim of ownership or possession, but no such evidence has been produced. The petitioners cannot invoke the jurisdiction of the court to protect a right allegedly violated and at the same time avoid the burden cast upon them by the law.

■ The petitioners have elected to rest the present motion on the evidence offered by the United States of America in a related proceeding. It appears therefrom that the petitioners were apprehended on the premises shortly after they left the building in which the illicit distillery was later found. There is no evidence that the petitioners, or either of them, were either owners or lawful occupants of the building. They may have been workmen

or visitors without interest in the premises invaded or the property seized; if they were, they cannot attack the search and seizure as unlawful. O'Fallon v. United States, 8 Cir., 15 F.2d 740, certiorari denied 274 U.S. 743, 47 S.Ct. 587, 71 L.Ed. 1321; Cantrell v. United States, 5 Cir., 15 F.2d 953, certiorari denied 273 U.S. 768, 47 S.Ct. 572, 71 L.Ed. 882; United States v. Messina, 2 Cir., 36 F.2d 699; Laluna v. United States, 8 Cir., 54 F.2d 351; Kelley v. United States, 8 Cir., 61 F.2d 843; United States v. Stappenback, 2 Cir., 61 F.2d 955; Kwong How v. United States, 9 Cir., 71 F.2d 71, and the other cases hereinabove cited. Their mere presence on the premises, even if coupled with a physical custody of the incriminatory evidence, will not sustain their right to attack the search and seizure as unlawful in the absence of a claim of ownership or lawful occupancy of the premises. Ibid.

The petitioners challenge as unlawful an alleged search of their persons and the seizure of "property." There is no evidence before this Court that the petitioners were searched at the time of their apprehension or thereafter; we therefore see no reason to consider the question in the absence of such evidence.

The motion to quash the search warrant and to suppress the evidence seized under its authority is denied.