592 P.2d 852

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Alan Eugene LINDNER, Janis Lynn Seufert and William Thomas Seufert, Defendants-Appellants.**

No. 12491.

Supreme Court of Idaho.

April 2, 1979.

---

Klaus Wiebe, Boise, for defendants-appellants.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Jean R. Uranga, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Defendants-appellants, Alan Eugene Lindner, Janis Lynn Seufert and William Thomas Seufert, after a jury trial, were found guilty of various felonies relating to the possession and delivery of a controlled substance (marijuana) in violation of I.C. § 37–2732. This appeal concerns the denial by the district court of appellants' motion to suppress evidence.

On March 16, 1976, Les Turner of the Idaho Bureau of Narcotics and Drug Enforcement appeared before a magistrate and filed an affidavit for search warrant. Turner swore to personal knowledge that:

> That your affiant has purchased marihuana from Alan Lindner on an occasion in February 1976, and that on March 15, 1976 at or about 4:00 p. m. your affiant had a conversation with Alan Lindner wherein your affiant was informed by Alan Lindner that 200 pounds of marihuana would be delivered to the residence at 1630 Wildwood on March 15 or 16. That your affiant has been in contact with state narcotics officers and is informed that the residence at 1630 Wildwood has been under surveillance since 5:40 p. m. March 16, 1976. That at 9:31 p.

> m. a small foreign vehicle arrived at the above mentioned residence. This vehicle bore California license 086 K2C. A male emerged from the vehicle to the residence and at 10:07 p. m. came outside and transferred several large bundles into the Volkswagen Van from the small foreign vehicle. The male also transferred from the small foreign vehicle a smaller bundle into the above mentioned residence.

> That your affiant has had prior dealings with Alan Lindner and that on each occasion information supplied by the said Lindner has proved to be truthful.

It appears a search warrant pursuant to this affidavit was issued in the late evening hours of March 16 1976 that authorized the search of the above named premises "at any time day or night" for "controlled substances, to wit, marijuana." The warrant was executed at approximately 12:30 a. m. on March 17 and large quantities of marijuana were seized and the defendants-appellants arrested.[1]

Prior to trial, the defendants-appellants moved to suppress the evidence seized subject to the warrant on the grounds that it was seized in violation of their rights under Idaho Constitution, Art. 1, § 17 and the fourth amendment to the United States Constitution. After a hearing on the issue, the district court denied the motion. This appeal concerns the denial of the motion to suppress.

I

Appellants initially assign as error the trial court's determination that the facts contained in the affidavit for search warrant were sufficient to establish probable cause for the issuance of the search warrant. Appellants contend that the affidavit did not provide facts sufficient to establish probable cause that the contraband was within the place to be searched *at the time* the search warrant was requested. Appellants point to the following facts from the affidavit for search warrant:

> warrant and its time of execution was taken from the trial judge's memorandum decision and other evidence introduced at the suppression hearing.

1. Appellants appear to have failed to place the search warrant in evidence at the suppression hearing or place it in the record on appeal. The information as to the content of the search

(1) 200 pounds of marijuana was supposed to arrive at 1630 Wildwood on or about March 15 or 16, 1976.

(2) The above information was received at or about 4:00 p. m. on March 15, 1976.

(3) However, surveillance of the residence did not begin until 5:40 p. m. on March 16, 1976 (approximately a 24 hour gap between receipt of the information and the initiation of surveillance).

(4) At 9:31 p. m. on March 16, 1976 a car with California license plates arrived at the residence and several large bundles were transferred from this car to a Volkswagen Van. A smaller package was transferred from the auto to the residence.

The search warrant was issued in the late evening hours of March 16, 1976.

Appellants assert that the 24 hour gap between when the information was received and the surveillance begun rebuts a finding of probable cause that the marijuana was present at the premises at the time the warrant was requested. They argue the marijuana could have arrived during this 24 hour gap period and presumably been delivered out of the house during this period. Defendants further argue that the arrival of the auto with California license plates and the accompanying activity did not cure the problems caused by the 24 hour gap in surveillance because the arrival of the car and transfer of the bundles could have been consistent with the transfer of personal items (i. e. luggage and clothing). Appellants contend that continuous surveillance from the time the information was received and a statement that no other unusual activity occurred prior to the arrival of the California auto would have been necessary to establish probable cause.

This Court, in discussing applicable principles for analyzing a challenge to a search warrant allegedly based on a lack of probable cause, stated the following in *State v. Oropeza,* 97 Idaho 387, 545 P.2d 475 (1976):

The magistrate must find probable cause to support the issuance of the search warrant. The quantum of information which constitutes probable cause sufficient to justify issuance of a search warrant must be measured by the facts of the particular case. We acknowledge that " . . . affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion." The issuing magistrate's determination " . . . of probable cause should be paid great deference by reviewing courts. . . ." [2]

Our review of the information contained in the affidavit indicates that the magistrate correctly determined there was probable cause for the issuance of the search warrant and that the trial court was correct in upholding that determination. The affidavit reveals that an informant's information indicated a substantial quantity of marijuana would be delivered to the residence in question on March 15 or 16. Sufficient information was contained in the affidavit to establish the informant's credibility and reliability and appellant has not challenged the trial court's finding as to the credibility of the informant on appeal. Further, activity consistent with the predicted delivery was observed by law enforcement officers in the evening hours of March 16. The above information interpreted in a commonsense and realistic fashion justified a reasonable belief by the magistrate that the place to be searched contained contraband. The belated surveillance of the residence did not vitiate the information contained in the affidavit which, in and of itself, provided an adequate basis for a determination of probable cause. We therefore find no error in the trial court's refusal to suppress the evidence on the ground that probable cause had not been shown for the issuance of the warrant.

II

Appellants next contend the affidavit for search warrant contains material misrepre-

**2.** *State v. Oropeza,* 97 Idaho at 391, 545 P.2d at 479, *quoting with approval, United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) and *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

sentations by the affiant which were necessary to a finding of probable cause and therefore any evidence seized subject to that warrant should be suppressed. A literal reading of the affidavit indicates that Alan Lindner informed the affiant Les Turner "that 200 pounds of marijuana would be delivered to the residence at 1630 Wildwood. . . . " The actual information received by Turner was that the contraband would arrive at "Bill's," which Turner through his own investigation determined was 1630 Wildwood.

The United States Supreme Court in the recent case of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) discussed the applicable standard for analyzing an attack on a search warrant where the challenge is based on alleged material misrepresentations of fact in the affidavit supporting the warrant.[3] The Court in *Franks* held that if the defendant in an evidentiary hearing establishes by a preponderance of the evidence that the false statement was included in the warrant affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and with false information discarded, the remaining content of the affidavit is insufficient to establish probable cause, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

█ It is clear that the affidavit's recital that Alan Lindner informed the affiant that the marijuana would be delivered to 1630 Wildwood was not technically correct. However, negligent or innocent misrepresentations, even if necessary to establish

probable cause, will not invalidate a warrant. *United States v. Hole,* 564 F.2d 298 (9th Cir. 1977); *United States v. Collins,* 549 F.2d 557 (8th Cir. 1977), *cert. denied,* 431 U.S. 940, 97 S.Ct. 2656, 53 L.Ed.2d 259 (1977); *United States v. Lee,* 540 F.2d 1205 (4th Cir. 1976), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976). Therefore, the critical inquiry is whether appellants have proved by a preponderance of the evidence that the affiant knowingly and intentionally or recklessly included the material misrepresentations in the affidavit. *Franks v. Delaware, supra.*

█ In reviewing the record of the suppression hearing below it is apparent that at most only a negligent misrepresentation was involved. Turner, the affiant, knew who "Bill" was prior to March 15, 1976, and was able to ascertain his address through routine investigation. Turner's mistake was in stating the exact address was recited to him by Lindner rather than what actually happened. Appellants failed to provide sufficient evidence to prove that the discrepancy was included in the affidavit intentionally or with reckless disregard for the truth. To the contrary, the record indicates the discrepancy was merely an oversight and not intentional. Appellant's assignment of error, therefore, is without merit.

### III

Appellants finally contend that the search warrant did not conform to the requirements for a nighttime search as required by either I.C. § 19–4411 or I.C.R. 41. Idaho Code § 19–4411 requires that in order

---

**3.** The primary question presented in *Franks* was whether a defendant in a criminal proceeding has the right, under the fourth and fourteenth amendments, subsequent to the ex parte issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting a search warrant. The United States Supreme Court answered this question in the affirmative stating "that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant in the warrant

affidavit and if the allegedly false statement is necessary to the finding of probable cause, the fourth amendment requires that a hearing be held at the defendant's request." In the instant case the trial court allowed an evidentiary hearing on the appellant's allegation of misrepresentation in the warrant affidavit. Therefore, we are not confronted with the question of whether appellants made the required substantial preliminary showing to mandate a hearing on the allegations as was the Supreme Court in *Franks.*

to execute a search warrant in the nighttime the affidavit must contain *"positive"* facts "that the property . . . in the place to be searched." I.C.R. 41 states "the issuing authority may, by appropriate provision in the warrant, and for *reasonable cause shown,* authorize its execution at times other than daytime." (emphasis added)[4]

Historically, there has been a strong aversion to nighttime searches. *Jones v. United States,* 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); *United States ex rel. Boyance v. Meyers,* 398 F.2d 896 (3rd Cir. 1968); Cooley, Constitutional Limitations 430 (7th ed. 1903). Searches of private dwellings executed during the nighttime take on additional constitutional significance. *United States ex rel. Boyance v. Meyers, supra.* The fourth amendment protects individual privacy, *Katz v. United States,* 399 U.S. 347, 83 S.Ct. 507, 19 L.Ed.2d 576 (1967), and entry into an occupied dwelling in the middle of the night is clearly a greater invasion of privacy than entry executed during the daytime. "A knock at the door is more alarming in the middle of the night, and it is no less so because the officer knocking has a search warrant." *United States v. Smith,* 340 F.Supp. 1023, 1029 (D.C.Conn.1972).

 We believe this Court and the Idaho legislature were cognizant of the constitutional significance and greater intrusive nature of nighttime searches when they enacted their respective requirements for nighttime searches. It is evident they in-

tended that while a daytime warrant could be issued on the basis of probable cause, a greater showing was necessary before a warrant may be executed at night. In the instant case we are of the opinion that the facts stated in the affidavit were sufficient to allow the magistrate to determine there was either reasonable cause for nighttime execution or to be positive that the marijuana was at the place to be searched and therefore authorize a nighttime search.[5]

 Idaho Code § 19–4411 requires that a search be conducted in the daytime unless the affidavits for the warrant "are *positive* that the property is on the person or in the place to be searched . . . ." This statute does not require that the affiant be positive that the property is in the place to be searched before a magistrate can authorize nighttime execution of a search warrant. The subjective thoughts of the affiant are not controlling. *State v. James,* 10 Ariz.App. 394, 459 P.2d 121 (1969); *State v. Treadway,* 28 Utah 2d 160, 499 P.2d 846 (1972). Although we are not bound by the decision of a federal court on this matter, we are persuaded that the correct construction of the term positive as used in I.C. § 19–4411 was announced in *United States v. Daniels,* 10 F.R.D. 225, 228 (D.C.N.J.1950):

It is our opinion that the rule requires nothing more than an explicit statement, supported by positive evidence, as distinguished from negative evidence, "that the property is in the place to be searched." The explicit statement may not rest upon

4. I.C.R. 41(c)'s requirement of reasonable cause for nighttime search is identical with Federal Rule of Criminal Procedure 41(c). Prior to its amendment in 1972, Federal Rule of Criminal Procedure 41(c) contained the same language concerning nighttime search as does I.C. § 19–4411.

5. It appears that I.C.R. 41's standard of *reasonable cause* should be the correct standard in analyzing future cases dealing with search warrants authorizing nighttime execution. This Court, in discussing conflicts between requirements for search warrants under I.C.R. 41 and certain statutory provisions, ruled in *State v.*

*Yoder,* 96 Idaho 651, 654, 534 P.2d 771, 774 (1975) that: "This Court has inherent power to formulate rules of practice and procedure within the courts of Idaho. As earlier stated, Rule 41(c) of the Idaho Rules of Criminal Practice and Procedure was in full force and effect at all times relevant herein. Therefore, I.C. § 19–4404 is of no further force and effect." [citations omitted] Although it is not necessary to our decision, we are persuaded that the rationale of *Yoder* would necessarily lead to the conclusion that I.C.R. 41 would control to the exclusion of I.C. § 19–4411.

inferences drawn from the absence of evidence. The rule requires averments of fact sufficiently persuasive to support a reasonable inference that the property is in fact on the premises. A more rigid construction would require proof beyond a reasonable doubt that the property is in the place to be searched. Such a construction would enable the criminal to completely conceal an illegal enterprise behind an insurmountable barrier, provided, of course, he pursued it only at night.

. . .

*See also United States v. Plemmons,* 336 F.2d 731 (6th Cir. 1964); *Stewart v. People,* 161 Colo. 1, 419 P.2d 650 (1966). The affidavit form in question does contain an explicit declaration by the affiant that he is positive that the contraband described is located in the premises to be searched. *See United States v. Tolomeo,* 52 F.Supp. 737 (D.C.Pa.1943). Further, the facts contained in the affidavit for search warrant, which were supplied to the affiant by a credible and reliable informant and law enforcement officers with personal observations, was of such a definite, explicit and positive nature as to satisfy any requirement of I.C. § 19–4411 that the affiant is "positive" that the contraband was located on the premises to be searched. Therefore we find the requirements of I.C. § 19–4411 were met.

I.C.R. 41(c) as previously noted is identical to Federal Rules of Criminal Procedure 41(c) in requiring a showing of reasonable cause for a nighttime execution of a search warrant. The Fifth Circuit in *United States v. Curry,* 530 F.2d 636, 637–38 (1976), one of the few cases discussing the reasonable cause requirement, stated:

Appellants contend that the requirement that "reasonable cause" must be shown to justify a nighttime search under a warrant means that some such substantial showing be made for the need for acting on such warrant at night. Appellant would equate this requirement with the requirement for a showing of probable cause for the issuance of the warrant.

Here, of course, probable cause must be shown for the issuance of the warrant, but beyond that the only requirement is that there be cause for carrying on the unusual nighttime arrest or search that, upon showing made, convinces the magistrate that it is reasonable. Finding that the evidence before the magistrate here met this requirement, we do not consider it necessary or appropriate to attempt to delineate the precise boundaries that are covered by this language in the Rule.

Similarly, the California court in interpreting its statute concerning nighttime searches, which requires a showing of good cause, stated:

At the outset it should be noted that section 1533 does not require a separate statement as to good cause for the serving of a warrant in the nighttime: if the affidavit, read in a common sense manner and as a whole reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service, provision for such service in the warrant is proper. Absent an abuse of discretion, the magistrate's finding of a reasonable necessity of nighttime service will not be disturbed on appeal. [citations omitted]

*People v. Mardian,* 47 Cal.App.3d 16, 121 Cal.Rptr. 269, 281 (1975). In *State v. Jackson,* 117 Ariz. 120, 571 P.2d 266 (1977), the Arizona Supreme Court after quoting with approval the *Mardian* and *Curry* standards determined that the fact the appellant and co-defendants were selling marijuana during all times of the day and night from the residence to be searched was sufficient to constitute "reasonable cause" for the magistrate to authorize a nighttime search.

The magistrate's finding of reasonable cause for nighttime execution of a search warrant will not be disturbed on appeal, absent an abuse of discretion. *Solis v. Superior Court,* 63 Cal.2d 774, 48 Cal. Rptr. 169, 408 P.2d 945 (1966); *People v. Walker,* 250 Cal.App.2d 214, 58 Cal.Rptr. 495 (1967). In view of the nature of the

contraband, its arrival at the premises during the night and the possibility it could have been removed before daybreak, we believe the magistrate did not abuse its discretion in determining that satisfactory reasonable cause existed so as to justify nighttime execution pursuant to I.C.R. 41(c).

Judgment affirmed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and SCOGGIN, J., Pro Tem., concur.