691 P.2d 1231

**STATE of Idaho, Plaintiff-Appellant,**

v.

**John Wilford LEWIS, Defendant-Respondent.**

**No. 15642.**

Supreme Court of Idaho.

Dec. 7, 1984.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Keith A. Zollinger, Pocatello, for defendant-respondent.

SHEPARD, Justice.

This is a review of a decision of the Court of Appeals which affirmed the trial court's order suppressing evidence obtained pursuant to a search warrant. We reverse.

Police narcotic investigators carried out a drug transaction with Owsley and Molinelli at their private residence, following which Owsley and Molinelli were arrested. Rather than conducting an immediate search of the premises, the officers, on the basis of an affidavit therefor, obtained a search warrant authorizing a search of the premises in either the daytime or the nighttime. The investigators executed their warrant search, and during that search, the defendant Lewis was found on the premises, arrested, and charged with possession of a controlled substance. A motion on behalf of defendant Lewis was made to suppress the evidence found during the search, which motion was granted by the trial

judge on the basis that the affidavit for the search warrant was insufficient to justify the issuance of the warrant for a nighttime search. Upon the interlocutory appeal by the State, that decision of the trial judge was affirmed by the Court of Appeals.

This Court is presented with two issues in the instant case: first, whether, as held by the trial judge, the affidavit presented to the magistrate supports the issuance of a search warrant to be executed in the nighttime, and second, whether the fourth amendment exclusionary rule should be applied so as to bar the prosecution's use of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, but ultimately found to be invalid. *See United States v. Leon,* — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We hold that the trial court erred in its finding that the affidavit was insufficient to support the issuance of the search warrant for a nighttime entry, and that hence the court should not have suppressed the evidence in question. In light of this holding, we do not reach the second issue raised by the State. Since the decision in *United States v. Leon, supra,* is binding upon this Court only as to its interpretation of the fourth amendment to the United States Constitution and is not binding on us as to state constitutional provisions, we reserve for another day our decision on the second issue, *i.e.,* the application of the exclusionary rule to evidence obtained in reasonable reliance on a search warrant ultimately found to be invalid.

The affidavit in support of the request for the search warrant stated that in the early morning hours of December 12, 1980, a police investigator, upon invitation, entered a residence in Pocatello and negotiated with Molinelli and Owsley for a trade by which the investigator would obtain marijuana. The training and experience of the investigator was recited, together with his belief that the substance he obtained in that trade was marijuana. The investigator stated that upon his inquiry, Owsley said that an additional five pounds of marijuana could be provided. The investigator's affidavit stated that he desired a

search warrant to search for marijuana and for evidence of ownership of and occupancy of the premises. The investigator concluded his affidavit by stating "[t]hat time is of the essence for the reason that temporary survelliance has been established and your affiant believes that the contraband may be destroyed, consumed, [or] removed ... and therefore your affiant requests that the search warrant be issued for either the daytime or nighttime."

A search warrant was issued for those premises and for those items. The warrant stated, "You are therefore commanded to make immediate search, in the daytime, or night, of the premises herein described for the property herein described ...." Officers did execute that search warrant during the remaining nighttime hours. During the course of that search, they discovered the defendant Lewis asleep in the basement of the residence, allegedly in control of a certain amount of marijuana. Since this is an interlocutory appeal from the suppression of the evidence allegedly implicating Lewis, based upon the invalidity of the affidavit, the search warrant, and the subsequent search, the actual culpability of Lewis has not been determined.

As is above stated, we decide only the issue of the sufficiency of the affidavit to support issuance of the search warrant and the day or nighttime provisions therein. We hold that *State v. Lindner,* 100 Idaho 37, 592 P.2d 852 (1979), is dispositive of this issue.

*Lindner* also involved trafficking in narcotics, and specifically in marijuana, and the sufficiency of an affidavit for a search warrant authorizing a day or nighttime search. A nighttime search was effected, evidence was seized, and a motion to suppress that evidence was denied. Such denial was affirmed by this Court upon appeal.

In *Lindner,* the investigator had previously purchased narcotics from the defendant in February of 1976. In March 1976, Lindner informed the investigator that some 200 pounds of marijuana would be delivered to a certain location on March 15

or 16. That location was placed under surveillance, and at 9:31 p.m. of March 16, certain vehicles arrived and large bundles were transferred into and from those vehicles and the residence. An affidavit containing those facts was submitted to a magistrate, who issued a search warrant directing the search during the day or night. The search warrant was executed during the nighttime hours, and evidence was seized which was the focus of the later motion to suppress.

The *Lindner* Court reviewed the requirements for a nighttime search under both I.C. § 19–4411 and I.C.R. 41(c). The court noted that, while the statute requires "positive" facts showing that the property is in the place to be searched before a warrant for a night search may issue, I.C.R. 41(c) provides that the authority issuing the warrant may, by appropriate provision in the warrant, and for *reasonable cause shown,* authorize its execution at times other than daytime. The Court noted that the I.C.R. 41(c) standard of reasonable cause "should be the correct standard in analyzing future cases dealing with search warrants authorizing nighttime execution," and indicated that the rationale of *State v. Yoder,* 96 Idaho 651, 654, 534 P.2d 771, 774 (1975), necessarily leads to the conclusion that I.C.R. 41 would control to the exclusion of I.C. § 19–4411.

The Court further noted that the language of I.C.R. 41(c) and its requirement of reasonable cause for nighttime search is identical with Federal Rule of Criminal Procedure 41(c), and that Federal Rule of Criminal Procedure 41(c), prior to 1972, contained the same language concerning nighttime search as does I.C. § 19–4411. The *Lindner* Court quoted from *United States v. Curry,* 530 F.2d 636, at 637–38 (1976), as follows: "Here, of course, probable cause must be shown for the issuance of the warrant, but beyond that the only requirement is that there be cause for carrying on the unusual nighttime arrest or search that, upon showing made, convinces the magistrate that it is reasonable." Also quoted was *People v. Mardian,* 47 Cal. App.3d 16, 121 Cal.Rptr. 269 (1975):

"At the outset it should be noted that section 1533 does not require a separate statement as to good cause for the serving of a warrant in the nighttime: if the affidavit, read in a common sense manner and as a whole reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service, provision for such service in the warrant is proper. Absent an abuse of discretion, the magistrate's finding of a reasonable necessity of nighttime service will not be disturbed on appeal."

■ The decision of the Court of Appeals in the instant case correctly indicates that both the Idaho and the U.S. Constitutions require a search warrant to be based upon a showing of probable cause, but that neither of those constitutions expressly requires a more rigorous showing of cause for a night search than for a day search. The Court of Appeals' opinion states:

"Federal courts generally have declined to hold that the federal constitution requires special circumstances to justify nighttime execution of search warrants... Similarly, our research fails to reveal any Idaho Supreme Court decision holding that our state constitution imposes special requirements for nighttime searches." *State v. Lewis,* 106 Idaho 800, 802, 683 P.2d 448, 450 (Idaho App. 1984).

The Court of Appeals, however, discusses holdings of various courts indicating that nighttime searches are a "severe invasion of privacy" and "official intrusion in its most obnoxious form." The court notes that "[a] knock at the door is more alarming in the middle of the night, and it is no less so because the officer knocking has a search warrant." *State v. Lewis, supra,* 106 Idaho at 802, 683 P.2d at 450.

■ This Court in *State v. Lindner, supra,* also reviewed the dangers inherent in, and the need for special considerations as to, the issuance of a nighttime warrant, but we nevertheless held that "the only requirement [for a nighttime search] is that

there be cause for carrying on the unusual nighttime arrest or search that, upon showing made, convinces the magistrate that it is reasonable." *Lindner, supra,* 100 Idaho at 43, 592 P.2d at 858.

In the instant case, we hold that the magistrate's issuance of a warrant for a nighttime search was based upon reasonable cause to believe that contraband was in fact upon the premises to be searched and that a nighttime search was reasonable. The information provided in the affidavit was conducive to an inference that contraband, *i.e.,* marijuana, was present at the address in question. The investigator had in fact obtained a quantity of the plant from Owsley and Molinelli. The investigator had been told that five more pounds were available. To require a more "positive" showing it seems would have required the investigator to have actually seen the additional five pounds of marijuana. Rather clearly, the question of reasonable cause for a warrant would not have then arisen, because presumably following the arrest, the officer would have seized what contraband was in plain sight to be seized. We hold that "reasonable cause" existed for the issuance of this nighttime search warrant. As stated in *United States v. Daniels,* 10 F.R.D. 225, at 228 (D.C.N.J.1950), "A more rigid construction would require proof beyond a reasonable doubt that the property is in the place to be searched. Such a construction would enable the criminal to completely conceal an illegal enterprise behind an insurmountable barrier, provided, of course, he pursued it only at night."

Here, while arguably Owsley may have not been telling the truth, and arguably the contraband may have been in some other location, we hold that a reasonable view of the circumstances at the time the warrant issued would lead to the conclusion that the additional contraband was in fact upon the premises to be searched. As stated in *Daniels,* "The rule requires averments of fact sufficiently persuasive to support a reasonable. inference that the property is in fact on the premises." *Id.*

Even assuming that this Court were to consider a balancing approach, as is discussed by the decision of the Court of Appeals, *i.e.,* that nighttime searches embody important values and fundamental rights such as the sanctity of the home and the protection of police officers, nevertheless the circumstances of the instant case demonstrate the reasonableness of the magistrate and the police officers. Here the premises had already been "invaded" (albeit by express invitation), an amount of narcotics had changed hands, and the known residents of the premises had been arrested and taken from the premises. On the basis of the then known facts, the officers could hardly be visualized as contemplating a great invasion of privacy or as violating the sanctity of the home or endangering police officers with a subsequent entry. (We are not told in fact whether the officers totally exited the premises and later returned, or whether the "surveillance" consisted of personnel actually within the premises.) The initial amounts of contraband had been obtained by the officers during the nighttime hours. The arrest of the known occupants and their transportation from the premises was during the nighttime hours. We see no reasonable cause for holding that during the remaining nighttime hours the premises needed to be left free from search and the possibility of destruction of additional contraband, all to no good purpose.

It is suggested by the Court of Appeals that somehow the reasonable cause to believe that five pounds of marijuana existed on the premises is destroyed by the after-the-fact discovery that, although large quantities of narcotics were seized, they did not include five pounds of marijuana. We must disagree. It is axiomatic that the reasonableness of a police search will not be judged in retrospect according to what evidence it turned up; rather, the court must determine whether probable cause existed from that which the officer was aware of at the time he made the decision to search. The mere fact that we know, from hindsight, that contraband

did exist on premises is no justification for an officer's having conducted an illegal search without a warrant. Similarly and conversely, we cannot agree that the reasonableness of an officer's decision to seek a search warrant will be judged by the after-the-fact revelation that precisely what he suspected existed on the premises was not in fact there.

Finally, we must suggest that the officers involved in the instant circumstances acted more than reasonably. A search incident to arrest and for the purposes of securing the premises might well have resulted in the discovery of Lewis and the existence of a portion of the evidence sought to be suppressed here. Nevertheless, this the officers did not elect to do, but rather sought the intervention of a magistrate and the issuance of a search warrant.

We hold that the narcotics investigator's affidavit was sufficient to support the issuance of a warrant for a nighttime search. Because we find that the affidavit in support of the request for a search warrant was adequate to support the warrant, we hereby vacate the Court of Appeals' decision.[1] The order of the district court suppressing the evidence in the instant case is reversed and the cause is remanded for further proceedings.

DONALDSON, C.J., BAKES and HUNTLEY, JJ., and BEEBE, J. pro tem., concur.

---

1. The Court of Appeals' decision was issued prior to the decision of the United States Supreme Court in *U.S. v. Leon, supra,* which considered the use of evidence obtained by officers acting in reasonable reliance on a search warrant ultimately found to be invalid and the application of the exclusionary rule.