728 P.2d 1325

STATE of Idaho, Plaintiff-Respondent,

v.

Jon Dale MASON, Defendant-Appellant.

No. 16056.

Court of Appeals of Idaho.

Dec. 4, 1986.

Fred R. Palmer, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Jon Mason was charged with cultivation of a controlled substance based on evidence seized from his home pursuant to a search warrant. He moved to suppress the evidence and to compel production of a nonparty's telephone records. The district court denied both motions. Mason then entered a conditional plea of guilty in order to appeal these rulings. I.C.R. 11(a)(2). Mason contends that: (1) there was insufficient evidence of probable cause for the search warrant, mandating exclusion of the seized evidence; and (2) the court erred in failing to compel production of records necessary to disprove the investigating officer's credibility and good faith. We re- verse the judgment of conviction because we hold that the evidence should have been suppressed. In so doing, we necessarily dispose of the second issue.

Jon Mason, his wife and their three children live on sixteen acres of land approximately fifteen miles from Sandpoint, Idaho. The property is bounded on the north and east by a private road and on the west by a creek. The southern boundary is sparsely marked by two survey sticks and a berry patch and is bounded by a marshy area not owned by the Masons. Two of eleven posted "No Trespassing" signs are on the southern boundary. A shop, a guesthouse and a two-story home with an attached greenhouse on its south side are located in a wooded section near the center of the property.

On January 25, 1984, Officer Paul Morton entered the Masons' property at night as part of an independent investigation stemming from information suggesting that the Masons were growing marijuana. From the conflicting evidence, the district court found that Officer Morton entered the property on foot from the south, stopping approximately twenty yards from the Mason home. Using binoculars, Officer Morton claimed to have observed "grow lights" (lights generally used to cultivate plants and flowers) in the upper story of one outbuilding, as well as plants closely resembling marijuana in the greenhouse. The following day, Officer Morton applied for, and received, a search warrant for the Masons' property. The only marijuana plants found and seized were located on the ground floor of the guesthouse in an enclosed room surrounded by hay with a concealed entrance. Based on this evidence, Jon Mason was arrested and charged with cultivation of a controlled substance. His wife, Trudy, was charged and tried separately for misdemeanor possession of marijuana. Both moved to suppress the seized evidence, arguing that Officer Morton's warrantless nighttime search was illegal. Jon Mason also moved to compel production of certain telephone records to aid in proving lack of probable cause for the

search warrant. Trudy's motion was denied and her trial was vacated pending final disposition of Jon's case. The district court denied both of Jon Mason's motions, resulting in the entry of the conditional guilty plea and this appeal.

Three questions comprise the first issue: (1) whether Officer Morton's first search was legal; (2) whether there was sufficient probable cause to support the search warrant; and, if not, (3) whether the "good faith" exception to the exclusionary rule prevents exclusion of the seized evidence. We answer all three questions in the negative, holding that the exclusionary rule applies to the evidence at hand.

■ We address first the legality of the initial search. The district court found that Mason's expectation of privacy in the entire sixteen acres was unreasonable inasmuch as he took no effective steps to prevent unwanted access to his property from the south. Nevertheless, based upon the testimony of Officer Morton and other witnesses, the court found and concluded

> that the intrusion by Officer Morton, inside of the Defendant's fenced area, standing next to the Defendant's outbuilding and within 20 yards of the Defendant's residence in the nighttime, while looking into the out-building, and greenhouse attached to Defendant's residence with binoculars, is an intrusion into the curtilage as defined in [*Oliver v. United States*, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984)].
>
> The area involved appears to be an area of intimate activity associated with the sanctity of a man's home and the privacies of life.

In its oral argument before us the state has belatedly challenged this ruling of the district court. However, there is substantial, albeit conflicting, evidence in the record to support the judge's finding that Officer Morton intruded into the curtilage. Accordingly, we proceed on the basis that Officer Morton's nighttime search was illegal.

■ Next, we examine the sufficiency of the probable cause evidence. A search warrant may issue only upon a finding of probable cause. IDAHO CONST., art. I, § 17; *State v. Holman*, 109 Idaho 382, 707 P.2d 493 (Ct.App.1985). The standard of review is whether the lower court abused its discretion in making its finding. Officer Morton presented the following evidence as proof of probable cause: (1) his observations from the nighttime search; (2) the fact that Mason had a 1975 conviction for cultivating marijuana on the same property; (3) a tip several months old from a confidential informant saying that he had seen lights on the property similar to grow lights and that Mason had a prior cultivation conviction; (4) a tip from an anonymous caller to Officer Morton's home stating that during a visit to the Masons' home within the preceding week, she had seen marijuana growing in the greenhouse and in a structure behind the home; and (5) a "great kilowatt usage increase" between September and December of 1983 over the identical period of the previous year.

■ As fruits of a fourth amendment violation, Officer Morton's observations must be excluded. *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); *State v. Johnson*, 110 Idaho 516, 716 P.2d 1288 (1986). We therefore review the balance of the evidence to determine whether a substantial basis existed for the magistrate's finding of probable cause. *State v. Turnbeaugh*, 110 Idaho 11, 713 P.2d 447 (Ct.App.1985).

A probable cause finding stems from evidence that is probably, albeit not irrefutably, connected with criminal activity. W. RINGEL, SEARCHES AND SEIZURES, ARRESTS AND CONFESSIONS § 4.2(a) (2d ed. 1986); *State v. Turnbeaugh, supra; State v. Crabb*, 107 Idaho 298, 688 P.2d 1203 (Ct.App.1984). In reviewing an application for a search warrant based in part on hearsay from undisclosed informants, we begin with the "veracity" and "basis of knowledge" questions of the *Aguillar-Spinelli* test, *see State v. Schaffer*, 107 Idaho 812, 693 P.2d 458 (Ct.App.1984), then look

at the totality of the circumstances. *State v. Holman, supra.*

Officer Morton received two tips from undisclosed informants. The first, obtained from a confidential informant, consisted of information several months old and lacking in detail. The sole proof of veracity was the fact that information previously obtained from the informant had proven reliable. No basis of knowledge was ever established. The second tip came from an anonymous female who called Officer Morton's residence the day of the illegal search. Although more detailed than the first tip and allegedly based on personal observations, this tip also lacked adequate verification. Only the most innocuous details were verified. There is no way to determine the caller's veracity without wrongfully using the hindsight so readily available to us on appeal. We therefore accord little weight to this tip in our analysis. *See State v. Schaffer, supra.*

The state also relied on a utility company's records showing a large discrepancy in the use of electricity by the Masons between 1982 and 1983. The "large discrepancy" breaks down to an average monthly increase of 17.25 kilowatts. Together with the other evidence, this information is no more indicative of criminal behavior than of common place occurrences consistent with normal legitimate behavior. We decline to infer criminal activity from incidents and observations lending themselves more probably to an innocent, legal explanation than to a criminal interpretation.

■ As for Mason's prior conviction in 1975, without deciding the propriety of considering it at all in applying for a search warrant, we find that the conviction could not supply sufficient weight to establish the requisite probable cause. Viewing all the evidence under the totality of the circumstances, we hold that without Officer Morton's observations the magistrate lacked the necessary substantial basis for finding probable cause. Consequently, we hold the search warrant to be invalid.

■ Evidence seized pursuant to an invalid search warrant must be excluded under the exclusionary rule absent an applicable exception. *See generally* M. HERMANN, SEARCH AND SEIZURE CHECKLISTS (3d ed. 1983) (outlining each exception). The state argues for application of the "good faith" exception announced by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh'g. denied*, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984). There, the Court held that where a search warrant is executed by an officer in objective good faith, but is ultimately found to have been invalid due to lack of probable cause, the exclusionary rule will not apply and evidence resulting from the execution of the warrant is admissible. The state argues that Officer Morton applied for and executed the search warrant in objective good faith, rendering the resulting evidence admissible. However, the state's position is inconsistent with the Supreme Court's view that the exclusionary rule should be employed only when it will achieve what is said to be its primary goal of deterring improper conduct by law enforcement personnel. *United States v. Leon, supra; Segura v. United States, supra. See also State v. Johnson, supra; compare State v. Lewis*, 106 Idaho 800, 683 P.2d 448 (Ct.App.1984), *overruled on other grounds*, 107 Idaho 616, 691 P.2d 1231 (1984) (ascribing broader purposes to the exclusionary rule). Officer Morton's illegal search mandated exclusion of his observations and left insufficient probable cause for the warrant.

■ Because a policeman's improper conduct is directly involved, we cannot apply the *Leon* exception. Instead, we follow our Supreme Court's lead in *State v. Johnson, supra.* In so doing, we do not seek to deter an officer's attempts to corroborate information before applying for a warrant. We seek instead to deter their final step over the threshold between legality and constitutional impropriety. In *Johnson*, a landlord requested that an officer take a look at some "suspicious plants" growing in a tenant's apartment. After

inspecting the plants, a warrant was obtained and evidence seized. The court excluded the evidence finding that the officer made a fatal step in failing to leave the apartment immediately upon discovering that the occupant had not vacated the premises as the landlord had implied. Here, the district court held that Officer Morton's fatal step was placing himself too close in proximity to the Mason home. Application of the exclusionary rule under these circumstances would stress the need for awareness of constitutional thresholds at all stages of a warrantless search and would instill an awareness of the greater degree of care required toward the rights of a citizen.

Moreover, the evidence must be suppressed as a result of the test articulated in *Segura v. United States, supra.* The United States Supreme Court determined that evidence resulting from an illegal search should be suppressed if it would not have been discovered "but for" the illegal search. Here, we have held that there was insufficient evidence to support a probable cause determination without Officer Morton's observations, which were inextricably related to the illegal search. Consequently, no warrant would have issued "but for" the illegal search, resulting in suppression of the evidence seized pursuant to the warrant. Accordingly, we hold that Mason's motion for suppression of the evidence should have been granted.

In his second issue, Mason contends that the court erred in refusing to order production of a third party's telephone records to enable Mason to disprove Officer Morton's credibility and good faith. Because we have determined that insufficient evidence of probable cause existed to support the search warrant, we need not now address this issue.

The judgment of conviction is reversed. The case is remanded to allow Mason to withdraw his conditional guilty plea and for entry of an order granting the motion to suppress.

WALTERS, C.J., and BURNETT, J., concur.