733 P.2d 811

STATE of Idaho, Plaintiff-Respondent,

v.

Keith PRESTWICH,
Defendant-Appellant.

No. 16325.

Court of Appeals of Idaho.

Feb. 25, 1987.

Petition for Review Denied May 29, 1987.

Reginald R. Reeves, Denman & Reeves, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Pursuant to the terms of Keith Prestwich's probation, his probation officer searched Prestwich's home in Idaho Falls. When that search disclosed growing marijuana, the officer called a sheriff's deputy who then obtained a warrant and conducted a search that revealed not only growing marijuana but also allegedly stolen goods. Following the denial of his motion to suppress this evidence, Prestwich pled guilty to manufacturing a controlled substance, to possession of a controlled substance with intent to deliver, and to grand theft by possession of stolen property. Prestwich conditioned his guilty pleas on his right to appeal the denial of his suppression motion.

On this appeal, Prestwich contends that the initial search by the probation officer was unconstitutional because Prestwich was in fact not on probation at the time of the search. However, we do not reach that question. We reverse the order denying the motion to suppress because, even if Prestwich had been on probation, the probation officer did not have reasonable grounds to conduct the initial warrantless search.

The record reveals the following facts. From May, 1982, to May, 1985, Prestwich was serving a three-year term of probation for writing bad checks.[1] During that probation period Prestwich was charged with, and plead guilty to, growing marijuana in yet another case. He then pursued an appeal in that case. Because of the pending appeal, the district court did not revoke Prestwich's probation on the bad check offense and Prestwich continued to serve out his probationary term. Also, due to the pending appeal in the marijuana case, Prestwich did not appear before the court on the day scheduled for his March, 1985, probation report on the bad check case. Instead, on that day the court made a minute entry indicating that Prestwich's probation was continued to a "later date." Exactly what was meant by "later date" is unclear, but the continuation apparently was at least until a later reporting date in October. However, the court overlooked the fact that Prestwich's three-year probation period expired on May 18—the expiration falling in between the March reporting date and the October reporting date. Prestwich continued to report to his probation officer during June, July and August.

On September 13, Prestwich's probation officer received two telephone calls reporting that Prestwich was again growing marijuana. One telephone call came from a federal probation officer in Pocatello, and the other call came from a sheriff's deputy. Neither the federal officer nor the sheriff's deputy revealed to the probation officer the sources of their information, other than to say the information came from confidential informants. The probation officer had also received a report from the sheriff's department approximately two months earlier concerning its "suspicions" that Prestwich was still growing marijuana.

Based on this information, the probation officer went to Prestwich's home, made a short search, and discovered that Prestwich was indeed growing marijuana. The sheriff's deputy, who had earlier that day called the probation officer with the information about Prestwich's marijuana growing, was

1. In its memorandum decision following the suppression hearing, the district court stated that one of the written conditions of Prestwich's probation was that he "submit himself to any reasonable search at any time during the probation." We have only this general statement in the record to show the probation officer's authority to make a search of Prestwich's *home*. No order for probation or probation agreement from the "bad check" case is in the record of this appeal.

waiting near Prestwich's home. The deputy testified that, according to a prior arrangement, he was waiting for a call from the probation officer in case the search turned up evidence of a crime. However, the deputy testified that he did not ask the probation officer to search Prestwich's residence. When the probation officer discovered the marijuana, he contacted the sheriff's deputy who came to Prestwich's home, saw the marijuana and, in addition, saw items that the deputy believed to be stolen. The deputy and the probation officer then obtained a search warrant which the deputy executed, seizing the marijuana and the allegedly stolen property. The evidence discovered during these searches formed the basis for charging Prestwich with the crimes to which he pled guilty in the case now before us. Prestwich moved to suppress the evidence as being the fruit of an illegal search, but the district court denied the motion. Prestwich then agreed to plead guilty, subject to his right to bring this appeal to test the suppression ruling.

This unique set of facts leads to the questions raised by Prestwich on appeal—whether a probation officer can conduct a search of the home of a probationer whose term of probation has expired, and whether the *Leon* "good faith" exception might be applicable to such a search. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The record is clear that the warrant obtained by the sheriff's deputy and the probation officer resulted from the initial search made by the probation officer. Thus, the answers to Prestwich's questions, and ultimately, the admissibility of the evidence as well, are governed by the constitutionality of the probation officer's search. We conclude that the search did violate Prestwich's constitutional rights, and that the *Leon* good faith exception does not apply.

Initially, it is important to recognize that all the principals in this situation—the probation officer, the sheriff's deputy, the court, and the probationer himself—believed that Prestwich was on probation at the time of the search. The record discloses no evidence that would lead us to

question the good faith belief of anyone involved as to this *fact*. Prior to his search, the probation officer even checked the court records to confirm that Prestwich's probation had been continued. Notwithstanding everyone's belief, as a matter of *law*, Prestwich was no longer on probation when the search was made.

Nevertheless, the state has argued that the search by the probation officer should be upheld as constitutionally reasonable because of the probation officer's good faith belief that Prestwich's probation had been continued by the district court. We have acknowledged that there is no evidence that anyone involved in the search knew that Prestwich's probation had expired. However, that does not answer the question of whether the search was reasonable within a constitutional context. Irrespective of Prestwich's probationary status, we conclude that the probation officer's search was constitutionally defective.

In *State v. Pinson*, 104 Idaho 227, 233, 657 P.2d 1095, 1101 (Ct.App.1983), this Court, considering warrantless probation searches, held that a probation officer could make a warrantless search if: (1) he has reasonable grounds to believe that the probationer has violated some condition of probation, and (2) the search is reasonably related to disclosure or confirmation of that violation. We also ruled that a search could not be based on a mere hunch unsupported by any factual basis. Focusing on the grounds for the search in this case, we conclude that they were not sufficient to lead the officer to believe Prestwich had violated a condition of his probation. Although Prestwich previously had been charged with growing marijuana, that case was still pending on appeal. Furthermore, the district court had not revoked Prestwich's probation as a result of that pending charge.

The only other grounds the probation officer had to suspect that Prestwich was again involved in growing marijuana were the telephone calls from the federal officer and the sheriff's deputy. As noted, both of

these callers told the probation officer that a "confidential informant" had reported the information. There was no evidence as to how or when the informant(s) had obtained that information, whether both calls had resulted from the same informant, or whether the informant(s) were in any way reliable. Probable cause is not the standard by which the probation officer's search should be judged. Rather, the officer should simply have a reasonable ground to believe a probation violation had occurred to conduct the warrantless search. However, that belief must be supported with some factual basis. For instance, in *Pinson,* Pinson's mother told the officer that Pinson was in possession of drugs. We noted that Pinson's mother was in a position to know about her son's activities because he was living at her home. The probation officer had no reason to doubt the validity of the information, and the search was conducted soon after Pinson's mother had called the probation officer. *Id.*

■ Here, the record reveals that the probation officer had only the two calls referring to confidential informants upon which to form a basis for his belief that Prestwich was again involved with marijuana. The probation officer had no idea who the informants were or when, where or how they had obtained their information. Probationers admittedly have lessened expectations of privacy and diminished rights compared to other citizens. However, to allow a search with little or no factual basis for the search would seriously erode even those diminished rights. A probation search cannot be based on "casual rumor, general reputation, or mere whim." *Pinson,* 104 Idaho at 233, 657 P.2d at 1101, *quoting State v. Simms,* 101 Wash.App. 75, 516 P.2d 1088, 1096 (1973). On this record, we conclude that the information was simply insufficient to allow the probation officer to reasonably believe that Prestwich had violated a condition of his probation.

The state and Prestwich raise questions about the application of the *Leon* good faith exception to this case. The state asserts that application of *Leon* by analogy is appropriate, and that the good faith previously noted justifies the admission of the evidence. Conversely, Prestwich argues that a lack of good faith renders *Leon* inapplicable. We disagree with both assertions. First, we have already mentioned that there is no indication of any lack of good faith as to the question of Prestwich's probationary status. However, our decision turns, not on the issue of Prestwich's probationary status, but rather on the lack of any reasonable ground for making the search. Therefore, we find Prestwich's assertion misfocused. As to the state's argument, *Leon* dealt with the good faith exception in the context of a search based on a warrant subsequently found to be lacking in probable cause. Courts have previously rejected application of the *Leon* good faith exception to warrantless searches. *See, e.g. United States v. Merchant,* 760 F.2d 963, 968 n. 6 (9th Cir.1985), *cert. granted,* — U.S. ——, 106 S.Ct. 3293, 92 L.Ed.2d 708 (1986); *see also* Note, *Leading Cases of the 1983 Term,* 98 Harv. L. Rev. 87, 115–118 (1984). Based on the facts of this case, we see no reason to deviate from that precedent.

■ The final point to be addressed concerns the search warrant itself. The marijuana and stolen goods were actually seized pursuant to that warrant. However, probable cause for obtaining the warrant was based on the probation officer's initial search which revealed the marijuana—a search we have concluded was unconstitutional. Thus, the evidence seized pursuant to the warrant comes within the "fruit of the poisonous tree" doctrine, and as such, must be suppressed. *Segura v. United States,* 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); *State v. Johnson,* 110 Idaho 516, 716 P.2d 1288 (1986); *State v. Mason,* 111 Idaho 916, 728 P.2d 1325 (Ct. App.1986).

The order denying the motion to suppress is reversed. Case remanded for fur-

ther proceedings consistent with this opinion.

BURNETT and SWANSTROM, JJ., concur.