**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robin Lin PREWITT,
Defendant-Appellant.**

**No. 75–2434.**

United States Court of Appeals,
Ninth Circuit.

April 13, 1976.

Frank R. Ubhaus, Federal Public Defender (argued), San Jose, Cal., for defendant-appellant.

Robert E. Carey, Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

OPINION

Before BROWNING and DUNIWAY, Circuit Judges, and CHRISTENSEN,* District Judge.

DUNIWAY, Circuit Judge:

Prewitt appeals from his conviction on five counts charging possession of illegally made and unregistered firearms in violation of 26 U.S.C. §§ 5861(c) and (d). He argues that (1) he was induced not to testify in his own behalf because the trial court improperly ruled that it would admit evidence of his 1963 auto theft conviction for impeach-

* The Honorable A. Sherman Christensen, Senior United States District Judge for the District of Utah, sitting by designation.

ment purposes, and (2) the firearms were seized in a search that violated the Fourth Amendment because one of the two affidavits upon which the search warrant was based contained intentional and material misstatements, and material facts were intentionally omitted from it. We affirm.

## I. *Evidence of Prior Conviction.*

Before trial, Prewitt moved to have all references to his numerous prior convictions excluded at the trial. The court ruled that if Prewitt should take the stand, it would allow proof of Prewitt's 1963 conviction for auto theft for impeachment purposes. Prewitt claims that this ruling deterred him from testifying.

■ This claim has no merit. A trial court has wide discretion in deciding whether to exclude evidence of prior convictions as more prejudicial than probative of lack of credibility. *E. g., United States v. Hatcher,* 9 Cir., 1974, 496 F.2d 529. That discretion was not abused in this case.

## II. *Validity of the Search Warrant.*

■ After an evidentiary hearing, the trial court denied a motion to suppress the guns found in a search of Prewitt's home conducted under a search warrant. Prewitt's only arguable claim is that an affidavit used to obtain the warrant contains misrepresentations.

## A. *The Facts.*

On February 5, 1975, a search warrant was issued authorizing a search of the premises at 768-A Calderon in Mountain View, California. The warrant was based upon separate affidavits made by agents Pierce and Royster of the Bureau of Alcohol, Tobacco, and Firearms. That same evening the warrant was executed, and the agents found and seized two sawed-off shotguns and an M-2 machine gun, which are the weapons that are the basis of the indictment.

The evidence at the suppression hearing showed that there were four errors in the affidavits submitted by Agent Pierce. The first is that although the affidavit correctly stated that the informant had told Pierce that five days before the search he had seen weapons in a car driven by Prewitt, in fact the informant had not seen such weapons. Pierce, however, did not know that. The second is that, while the affidavit correctly stated that the informant told Pierce that Prewitt kept his guns in his home in Mountain View, it failed to state that the informant also told Pierce that the guns that he saw in the car were being moved to someplace in San Mateo. The third is that the affidavit states that Pierce had checked the registration of the car that the informant had seen Prewitt driving and that it was registered to Robin Lin Prewitt, but that the affidavit failed to state that in fact it was registered to Sky Leaf Prewitt and that Pierce knew that Prewitt was also known as "Sky." The fourth is that the affidavit stated that Pierce had verified from postal records that Robin Lin Prewitt lived at 768-A Calderon when in fact Pierce's evidence to that effect was a two-month old statement by the postal carrier that two men named Prewitt, one of them matching the defendant's description, had lived there, and information that one of them had moved away following which a check of postal records showed that the Prewitt who moved away was not the defendant. Based upon these inaccuracies in the Pierce affidavit, Prewitt seeks to have the warrant declared invalid and the evidence seized under it suppressed.

The Pierce affidavit did not purport to be sufficient to support a warrant to search Prewitt's home. In the last paragraph, it stated that the informant was to meet with the agents that day, enter Prewitt's home under prior arrangements with him, and report to the agents whether he saw machine guns or sawed-off shotguns. If he did, agent Royster would make a supplemental affidavit and seek a warrant. This is what happened. The Royster affidavit states that the informant went to 768-A Calderon in Mountain View, talked to Prewitt, and saw a fully loaded M-2 machine gun in the living room and a fully loaded sawed-off shotgun next to the door.

**202**

Prewitt does not attack the veracity of any part of this affidavit.

The first inaccuracy in the Pierce affidavit is not his, but that of the informant. There is nothing in the record to indicate, and no finding by the trial judge, that Pierce did not believe the informant's statement that he had seen guns in Prewitt's car. This inaccuracy falls squarely within our alternative holding in *United States v. Damitz,* 9 Cir., 1974, 495 F.2d 50, part I, subpart c, pp. 55–56. It was proper to consider this part of the affidavit in deciding whether the two affidavits together showed probable cause.

The other inaccuracies do not require suppression of the evidence because, first, they are not material, and second, they are not intentional. The second inaccuracy, the failure to state that the informant said that the guns that he saw in the car were being taken to San Mateo, would make no difference if that information had been in the affidavit. No search of the car or of any place in San Mateo was asked for or authorized. Search of Prewitt's home was authorized only when the Royster affidavit showed that guns (not necessarily the guns seen in the car) were there. At most, the omitted information would explain why no warrant was sought until the information in the Royster affidavit was available. No doubt Pierce did not think that the omitted information was material and thus did not include it. That is not the kind of intentional misrepresentation that could be said to vitiate the affidavit.

The third inaccuracy, regarding registration of the car, is the statement of a conclusion based upon two omitted facts: that the registration was in the name of Sky Leaf Prewitt and that Pierce knew that Prewitt was known as "Sky." A layman's error of this kind is not intentional misrepresentation. Nor is it material—the omitted facts, if stated, would have supported, not negated the conclusion that was stated as fact. The fourth inaccuracy is again a sin of omission. Pierce did consult Post Office records to see which Prewitt moved away; his other information came from a postal employee. Again, if the omitted facts had been stated, they would not have vitiated the conclusion to be drawn—that Prewitt lived at the place described. We find neither materiality nor intentional misrepresentation by Pierce.

We leave to another day the questions whether misrepresentation by a government agent, material and intentional, or material but unintentional, or immaterial but intentional, will vitiate an affidavit for a warrant. See the discussion and the authorities cited in *Damitz, supra. See also United States v. Armocida,* 3 Cir., 1975, 515 F.2d 29, 41; *United States v. Thomas,* 5 Cir., 1973, 489 F.2d 664, 667–72; *United States v. Gonzalez,* 2 Cir., 1973, 488 F.2d 833, 837–38; *United States v. Belculfine,* 1 Cir., 1974, 508 F.2d 58, 60–63.

Affirmed.