UNITED STATES of America, Appellee,

v.

Robby Dean HOLE, Appellant.

No. 77–1400.

United States Court of Appeals, Ninth Circuit.

Nov. 7, 1977.

John E. Virga, Sacramento, Cal., for appellant.

Thomas T. Couris, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before DUNIWAY and KILKENNY, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

Appellant argues that the district court should have granted his motion to suppress evidence on the ground that the affidavit submitted in support of the request for search warrant contained an unintentional, though material, false statement. We disagree and affirm.

*Factual and Procedural Background*

On June 29, 1976, an agent of the Bureau of Alcohol, Tobacco and Firearms Enforcement, Department of the Treasury ("ATF agent") submitted an affidavit in support of a request for a search warrant to a magistrate of the district court. According to the affidavit, a named licensed firearms dealer told the agent that appellant Hole purchased a certain rifle from the dealer. The affidavit further stated that the ATF agent obtained a criminal record report on Hole from the California Department of Justice. The affidavit accurately summarized the report, which stated that Hole was arrested for possession of marijuana in Oklahoma in *1970* and that he thereupon entered McAlester State Prison to serve a ten-year sentence. The report also stated that Hole was "released" in 1971.

The record, as furnished by the California Department of Justice and summarized by the ATF agent, was incomplete and misleading. Hole's release from prison in 1971, following the *1970* arrest and conviction, was because this conviction was reversed by an Oklahoma appellate court. The record and affidavit did not mention that in *1969* Hole was also convicted in Oklahoma of possession of marijuana. This earlier matter was and is a valid felony conviction (as

* Honorable Otto R. Skopil, Jr., Chief Judge, U. S. District Court, District of Oregon, sitting by designation.

to which the Oklahoma trial court imposed a two-year suspended sentence).

The magistrate issued warrants to search Hole's house and business. Upon execution of the warrants, agents found and seized three firearms. Hole was indicted in three counts for violating 18 U.S.C. § 922(a)(6) (false statement) and one count each of 18 U.S.C. § 922(h) (receipt of firearm by ex-felon) and 18 U.S.C. App. § 1202(a)(1)[1] (receipt or possession of firearm by ex-felon). All counts were dismissed, except for § 1202(a)(1).

After denial of a motion to suppress the firearm referred to in the § 1202(a)(1) count, trial was to the court on stipulated facts. The stipulation (see C.T. 18) provides in summary:

1. Hole was convicted of a felony in 1969.
2. Hole received a described firearm from a named gun dealer in Sacramento on or about June 14, 1976.
3. Hole knowingly received the firearm.
4. The firearm was operable.
5. Prior to receipt by Hole, the firearm had traveled in interstate commerce.

The trial was held November 30, 1976. The only inquiry by the trial court concerned the voluntariness of Hole's waiver of jury trial and consent to submission of stipulated facts. No testimony was taken, and no evidence was offered. R.T. 6–11. The trial court found Hole guilty of 18 U.S.C. App. § 1202(a)(1). A presentence report was ordered. R.T. 11. A sentence of two years, with all but thirty days suspended, and three years probation was imposed. C.T. 21.

■ Appellant concedes that the misstatements by the ATF agent in the affidavit were not intentional. R.T. 4. Nevertheless, he argues that the firearm seized in the search should have been suppressed[2] because the affidavit contained false information: it recited the *1970* conviction (which had been reversed on appeal) rather than mentioning the still valid *1969* conviction. Thus the magistrate's implied finding of probable cause to believe that appellant was a *felon* was based on false information. In summary, then, appellant contends that material, though unintentional, misstatements in an agent's affidavit should vitiate a resulting search warrant.

*Discussion*

■ Appellant correctly notes that this circuit has not yet expressly ruled on the effect of a *material* but *unintentional* misstatement in an agent's affidavit submitted in support of a request for a search warrant. In *United States v. Prewitt*, 534 F.2d 200 (9th Cir. 1976), the court held that all the factual misstatements in the affidavit were *both* immaterial and unintentional. 534 F.2d at 202. The court stated:

"We leave to another day the questions whether misrepresentation by a government agent, material and intentional, or

---

**1.** The statute provides in part:

"(a) Any person who—

"(1) has been convicted by a court . . . of a State . . .

"and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall [suffer the penalties provided]."

For purposes of this offense, a "felony" is defined as an offense punishable by imprisonment for more than one year but not an offense (except one involving a firearm or explosive) which is classified as a misdemeanor by the state in question and punishable by imprisonment for two years or less. 18 U.S.C. App. § 1202(c)(2). Both prior convictions involved in this case are for "felonies" as so defined.

**2.** In view of the stipulation of facts summarized *supra*, it can be argued that consideration of the firearm as evidence is not necessary in order to find appellant guilty beyond a reasonable doubt. The stipulation does appear to be an admission of all the elements of this offense. Accordingly, one might conclude that the suppression issue is moot for purposes of this appeal.

We proceed to consider the issue, however, for a number of reasons. The government has not raised the mootness argument. The trial court received the rifle in evidence and may well have considered it in conjunction with the stipulation in arriving at a finding of guilt. The suppression issue was argued below and fully briefed before this court. Accordingly, we feel that the issue is appropriate for decision in this case.

*material but unintentional*, or immaterial but intentional, will vitiate an affidavit for a warrant." *Id.* (emphasis added)

The *Prewitt* decision does, however, cite *United States v. Damitz*, 495 F.2d 50 (9th Cir. 1974), which involved a warrant issued upon an affidavit executed by a *non-governmental* affiant. This affidavit contained materially false statements, but the falsity was not known to the agents who submitted the affidavit to the court. The court held that *good faith reliance* by the government would support the affidavit if sufficient on its face. 495 F.2d at 55. As stated by the court:

> "A rule excluding evidence because of a Fourth Amendment violation should be motivated by a basic purpose of the Amendment and the exclusionary rule, namely the deterrence of lawless police action." *Id.*, at 55–56.

We hold that the policy in *Damitz* is applicable here. In both *Damitz* and the present case, government agents relied in good faith on false information provided by others. In *Damitz* the agents submitted the informant's false affidavit directly to the court. In this case the ATF agent accurately summarized the contents of the criminal record report of the California Department of Justice in his own affidavit. If anything, *Damitz* presents arguably a stronger case for suppression, for in *Damitz* the informant (affiant) intentionally lied. In the present case the informant (Department of Justice) misstated appellant's criminal record as a result of clerical or other innocent [3] error.

The Supreme Court has made clear that the purpose of the exclusionary rule is to deter lawless police action. See, e. g., *Linkletter v. Walker*, 381 U.S. 618, 636–637, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Accordingly, there is no sound reason to vitiate an agent's affidavit submitted in support of a request for search warrant even if the affidavit contains information which is both material and false as long as the misstatement was made in good faith and neither intentionally nor recklessly. In so holding, we align ourselves with the majority of the circuits which have considered the issue. See *United States v. Rosenbarger*, 536 F.2d 715, 720 (6th Cir. 1976); *United States v. Marihart*, 492 F.2d 897, 899–900 (8th Cir. 1974), *cert. denied*, 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974); *United States v. Carmichael*, 489 F.2d 983 (7th Cir. 1973) (*en banc*). See also *Minnesota v. Causey*, 257 N.W.2d 288 (Minn., 1977). But see *United States v. Thomas*, 489 F.2d 664 (5th Cir. 1973), *cert. denied*, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975).[4]

The trial judge in the present case made a statement which can be understood as a finding that the ATF agent acted innocently and not even negligently. In explaining his decision to deny the motion to suppress, the trial judge said:

> "In this case the person was *careful*. . . . He was furnished with the information from a *reliable source*, namely, the Department of Justice, State of California. . . . [T]he man, I felt, was entitled to *rely* on the information furnished to him. He did, and, therefore, in

---

**3.** There is nothing on the record to indicate why the report was incorrect. Perhaps the California Department of Justice inaccurately reported correct information which was available to it. Perhaps the Oklahoma authorities failed to take the proper steps to clear appellant's record once his 1970 conviction was reversed. There is no basis on this record to conclude that the California authorities were negligent. In any event, as stated *infra*, the appropriate inquiry concerns the conduct and state of mind of the agent actively involved in investigation of the present case and who presented an affidavit in support of the request for search warrant.

**4.** *Thomas* contains the following statement:

> ". . . [A]ffidavits containing misrepresentations are invalid if the error (1) was committed with an intent to deceive the magistrate, whether or not the error is material to the showing of probable cause; or (2) made non-intentionally, but the erroneous statement is material to the establishment of probable cause for the search." 489 F.2d at 669.

The Fifth Circuit recently reiterated its view that even negligent but material misstatements shall vitiate an otherwise valid affidavit. See *United States v. Astroff*, 556 F.2d 1369 (5th Cir., 1977).

my opinion affidavit [*sic*] is valid. . ."
R.T. 4–5 (emphasis added).

Such a finding is supported by the undisputed facts in this case. Under the exigencies of the criminal investigation process, it is surely reasonable for an agent to rely on official records for the limited purpose of determining whether there is probable cause to believe that a person is an ex-felon (unless, of course, the agent has reason to believe that the records contain substantial inaccuracies).

 To summarize, then, we hold that innocent misstatements, even if material, if made in good faith and neither intentionally nor recklessly, will not vitiate an otherwise sufficient affidavit submitted by a government agent in support of a request for a search warrant.

The judgment is AFFIRMED.