## UNITED STATES of America, Plaintiff—Appellee,

v.

## Antonio Guerra MENDOZA, Defendant—Appellant.

### No. 04–30315.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2005.

Decided June 6, 2005.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Marquez's briefs were filed before the Supreme Court issued *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

* The Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Lori Harper Suek, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., FDMT—Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

■ Antonio Guerra Mendoza ("Mendoza") appeals his conviction and sentence, after a stipulated facts bench trial, for aggravated sexual abuse of an Indian person under 12 years of age on an Indian reservation. Mendoza argues that his indictment under 18 U.S.C. § 1152 should have been dismissed for failure to allege that he is non-Indian, and that the district court should have admitted evidence of his failed polygraph examination. The district court's amended judgment imposing alternate sentences constitutes a final decision, which is appealable pursuant to 28 U.S.C. § 1291. *See United States v. Williams,* 891 F.2d 212, 213 (9th Cir.1989). We affirm in part and vacate and remand for further proceedings.[1]

■ Mendoza first argues that his indictment was deficient because it failed to

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them only as necessary to explain our disposition.

432

allege that he is non-Indian. This argument is foreclosed by our decision in *United States v. Hester*, 719 F.2d 1041, 1042 (9th Cir.1983) (holding that the government need not allege a defendant's non-Indian status in an indictment under 18 U.S.C. § 1152). Thus, we affirm the district court's denial of Mendoza's motion to dismiss his indictment.

Mendoza next challenges the district court's pre-trial exclusion of polygraph evidence. Because Mendoza stipulated to the elements of the crime, however, this challenge is moot as long as his stipulation was valid. *See United States v. Larson*, 302 F.3d 1016, 1019–20 (9th Cir.2002) (holding that a defendant moots an appeal of pre-trial evidentiary rulings by stipulating to the elements of the crime). A stipulation is valid if the defendant "knew of the effect of the stipulation and made an intelligent decision to shoulder the consequences." *Id.* at 1021. Because the district court did not address the validity of Mendoza's stipulation in light of *Larson*, we remand to the district court for a determination whether Mendoza entered into the stipulation knowing of the consequences to his appeal and voluntarily surrendering his appeal of the polygraph ruling. If the district court concludes that Mendoza was not aware of the circumstances and likely consequences that the stipulation would have on his appeal, it should vacate the judgment and proceed accordingly.

AFFIRMED IN PART, VACATED AND REMANDED.