**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5256**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

ERIC W. WOLFE, a/k/a Fritz,

              Defendant – Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:09-cr-00222-42)

———————————

Submitted:  June 9, 2011            Decided:  August 2, 2011

———————————

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Tim C. Carrico, CARRICO LAW OFFICES, LC, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Blaire L. Malkin, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric W. Wolfe was convicted after a jury trial of possession of a firearm by an unlawful user of drugs, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2006). The district court sentenced Wolfe to time served and five months' home confinement. On appeal, Wolfe challenges the district court's denial of his pre-trial motion to suppress a Rock Island Arsenal .45 caliber pistol ("the Rock Island firearm") that was seized from a pawn shop following the execution of a search warrant and a pawnshop ticket associated with the firearm. Before entertaining the merits of Wolfe's challenge, however, we consider our jurisdiction to decide the issue. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[T]he question of whether we are presented with a live case or controversy is a question we may raise sua sponte."). For the reasons that follow, we dismiss the appeal as moot.

Article III gives federal courts jurisdiction only over "Cases" or "Controversies." U.S. Const. art. III, § 2. This requirement permits federal courts to exercise jurisdiction only where "conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (internal quotation marks and

2

ellipsis omitted). A case is moot, and thus no longer justiciable, when resolution of the issues presented no longer implicates a legally cognizable interest. Townes v. Jarvis, 577 F.3d 543, 546 (4th Cir. 2009). "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (internal quotation marks omitted). Thus, for a controversy to be moot, it must lack at least one of the three required elements for Article III standing: "(1) injury in fact, (2) causation, or (3) redressability." Townes, 577 F.3d at 546-47.

Under 18 U.S.C. § 922(g)(3), it is unlawful for any person "who is an unlawful user of . . . any controlled substance . . . to . . . possess in or affecting commerce, any firearm." To convict Wolfe, then, the Government was required to prove beyond a reasonable doubt, among other elements, that he possessed a firearm that affected commerce. 18 U.S.C. § 922(g)(3). At trial, Wolfe and the Government stipulated that Wolfe had possessed the Rock Island firearm and that it had moved in and affected interstate commerce. The stipulations were signed by Wolfe and his attorney and admitted into evidence at trial. Wolfe does not contend that the stipulations are

3

invalid.  Cf. United States v. Larson, 302 F.3d 1016, 1020 (9th Cir. 2002) (concluding that, if defendant's trial stipulation to elements establishing conviction for possession of a firearm by a felon was found valid, court would lack jurisdiction to consider denial of defendant's earlier motion to suppress).  Even if we were to determine that the Rock Island firearm and pawn ticket should have been suppressed, Wolfe admitted by his stipulations that he possessed the firearm and that it affected commerce.  Wolfe does not contend that the evidence is insufficient to support his conviction, nor does he raise any other challenge to his conviction, sentence, or any other ruling issued by the district court.  Thus, the relief Wolfe seeks—reversal of the district court's ruling refusing to suppress the Rock Island firearm and pawn ticket—would not affect the soundness of his conviction and, thus, would not redress Wolfe's proffered injury.

Accordingly, we dismiss the appeal as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4