**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAX BUDZIAK,

Defendant - Appellant.

No. 14-10304

DC No. 5:08 cr-0284 RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted April 21, 2015[**]

Before:     TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

In *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012) ("*Budziak I*"),

defendant Max Budziak appealed his jury conviction of distribution of child

pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and 2252(b)(1), and

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

2252(b)(2). We held that the district court abused its discretion in denying

Budziak discovery on the EP2P[1] software used in the government's investigation.

We remanded the case to the district court for a determination of whether the

materials Budziak requested contained, or would have led to, information that

might have altered the verdict. We stated that "[i]f the district court determines

that the EP2P discovery could have affected the outcome of the trial, it shall order

a new trial; if the court determines that the nondisclosure was harmless, it may

reinstate the judgment of conviction." *Budziak I*, 697 F.3d at 1113.

On remand, the government disclosed that it had lost or destroyed the source

code of the EP2P program. In light of the government's disclosure, Budziak

moved for discovery sanctions under Fed. R. Crim. P. 16(d)(2), asking the district

court to dismiss the indictment with prejudice or to suppress any EP2P-related

evidence on retrial. The district court: (1) denied Budziak's motion for discovery

remedies; (2) dismissed the two child pornography distribution counts against him;

(3) reinstated and entered judgment on the remaining child pornography possession

count; and (4) sentenced Budziak to time served and a five-year term of supervised

release. Budziak appeals, contending that the amended judgment and denial of

---

[1] EP2P is a computer program that allows the FBI to search peer-to-peer shared networks for specified files, including child pornography.

2

discovery sanctions violate the law of the case and rule of mandate. He seeks

dismissal of the indictment.[2]

1. The law of the case is a jurisprudential doctrine according to which

the legal decision of an appellate court "must be followed in all subsequent

proceedings of the same case." *Snow-Erlin v. United States*, 470 F.3d 804, 807

(9th Cir. 2006) (citation and internal quotation marks omitted). "The rule of

mandate is similar to, but broader than, the law of the case doctrine." *United States*

*v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). The rule of mandate requires a district

court to follow the mandate of an appellate court. *Id.* However, the district court

is "free as to 'anything not foreclosed by the mandate.'" *United States v.*

*Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (quoting *Herrington v. Cnty. of*

*Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)). We review a district court's

---

[2] Based on the fact that "Budziak stipulated to the elements of the offense of possessing child pornography," and "that stipulation alone [is] sufficient to support the possession conviction," the concurrence takes the position that this appeal is moot. But this is not a sufficiency-of-the-evidence case. Budziak seeks dismissal of the indictment for the district court's asserted failure to comply with this court's mandate. Whether that remedy should be granted, assuming that Budziak prevails on the merits, is a question whose answer is independent of the sufficiency of the evidence – it is not a question of whether "all evidence of the charged crime [should be] suppressed," but whether the indictment should be dismissed. Thus, the concurrence's reliance on *United States v. Larson*, 302 F.3d 1016, 1019-20 (9th Cir. 2002), is misplaced. *Larson* was an appeal from the denial of a motion to suppress, not an independently-based motion to dismiss the indictment. We thus conclude that this appeal is not moot.

3

compliance with our mandate *de novo*. *United States v. Luong*, 627 F.3d 1306, 1309 (9th Cir. 2010).

Budziak argues that because the government failed to turn over the EP2P source code, the district court violated our mandate by reinstating the possession conviction. However, Budziak had not requested the source code in the earlier district court proceedings, and in fact specifically said its disclosure was not necessary. Because our mandate merely instructed the district court to determine whether the materials *requested* by Budziak would have altered the verdict, our mandate cannot be interpreted to require the government to turn over the source code.

Our mandate also makes clear that before the district court could reinstate the possession conviction, it was required to make a finding that the nondisclosure of the requested materials was harmless. *Budziak I*, 697 F.3d at 1113. After several hearings, the district court determined that Budziak had not made a sufficient showing that the nondisclosure of the EP2P materials could have affected the outcome of the trial. Because the court determined that the failure to disclose was harmless, it complied with the mandate.

2. Budziak also argues that the district court's denial of his motion for discovery sanctions violated our mandate. There is no question that the issue of

4

the appropriate discovery remedy for violating a post-remand protective order was not before us in *Budziak I* and thus not covered by our mandate. *See Kellington*, 217 F.3d at 1093 ("[T]he ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not . . . . ").

Furthermore, it is well established that "'[t]he appropriate sanction for a failure to comply with a discovery rule should rest in the district judge's sound discretion.'" *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir. 1983) (alteration in original) (quoting *United States v. Valencia*, 656 F.2d 412, 415 (9th Cir. 1981)). The district court gave Budziak ample opportunity to demonstrate how he was prejudiced by the nondisclosure of the EP2P source code, and Budziak failed to do so. As a result, we conclude that the district court's denial of Budziak's motion for discovery remedies was well within its discretion.

**AFFIRMED**.

5

*United States v. Budziak*, No. 14-10304

MURGUIA, Circuit Judge, concurring in part, and concurring in the result:

I agree with the majority's analysis of the merits of Budziak's appeal, but write separately because I do not believe that the merits are before us. Budziak seeks discovery of the EP2P source code to support an argument that the Government seized child pornography images from his computer in violation of the Fourth Amendment. But because Budziak stipulated to the elements of the offense of possessing child pornography, that stipulation alone would be sufficient to support the possession conviction even if Budziak succeeded in suppressing all evidence seized from his computer. Budziak's appeal therefore is moot. *See United States v. Larson*, 302 F.3d 1016, 1019–20 (9th Cir. 2002). I would dismiss for lack of jurisdiction.

Although this is not a sufficiency-of-the evidence case, neither was *Larson*. Budziak's stipulation renders this appeal moot for the same reason as did the stipulation in *Larson*—even if all evidence of the charged crime is suppressed, a stipulation to the elements of that crime is sufficient on its own to support a conviction. *See* 302 F.3d at 1019–20.