
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10125 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:16-cr-00285-APG-NJK-1 |
| BRANDON LAMAR PRUITT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 8, 2020
San Francisco, California

Before:  LUCERO,[**] W. FLETCHER, and IKUTA, Circuit Judges.

Brandon Pruitt appeals his conviction and sentence for sex trafficking of a

minor, 18 U.S.C. § 1591(a)(1), transportation of a minor for prostitution, 18 U.S.C.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Carlos F. Lucero, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

§ 2423(a), unlawful possession of a firearm, 18 U.S.C. § 922(g)(1), and witness tampering, 18 U.S.C. § 1512(b).  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not plainly err in questioning Juror K during voir dire regarding her evaluation of law enforcement officers' testimony.  Even assuming the district court's statement was inappropriate, it was not prejudicial because the district judge "sanitized" the comment by giving multiple curative instructions and statements.  *United States v. Milner*, 962 F.2d 908, 911–12 (9th Cir. 1992).  Nor were there "extraordinary" circumstances raising the inference that Juror K was impliedly biased.  *United States v. Mitchell*, 568 F.3d 1147, 1151, 1154 (9th Cir. 2009).

The district court did not err by denying Pruitt's motion to suppress A.D.'s journal, because the female who opened the door to Pruitt's apartment had apparent authority to consent to the officers' entry into the apartment; the female stated she lived in the apartment, and there were no substantial indicia to the contrary.  *See United States v. Reid*, 226 F.3d 1020, 1025 (9th Cir. 2000).[1]

---

[1] We reject Pruitt's factual argument, raised for the first time on appeal, that the consent was involuntary.  The district court did not plainly err, because there is no applicable case holding that the facts here constituted involuntary consent.  *See Reid*, 226 F.3d at 1026; *see also Depue*, 912 F.3d at 1234 (holding that an "error is plain if it is contrary to the law at the time of appeal" (citation omitted)).

The district court did not constructively amend the indictment when it crafted a jury instruction saying that "the defendant knew or recklessly disregarded the fact that anyone would cause A.D. to engage in a commercial sex act," because 18 U.S.C. § 1591(a)(2) does not require the government to prove that the defendant will cause the minor to engage in a commercial sex act. *See United States v. Shryock*, 342 F.3d 948, 988 (9th Cir. 2003); 18 U.S.C. § 1591(a)(2).

Nor did the government engage in prosecutorial misconduct, because Pruitt opened the door to use of the cell-phone evidence, and Pruitt's counsel waived any challenge to its use by stating "I don't really care if the phone comes in or not to be honest with you." *See United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019) (en banc).

The district court did not abuse its discretion by allowing Detective Petrulli to testify. Detective Petrulli's training and experience qualified him as an expert on sex trafficking, juvenile sex trafficking, and "the relationships between pimps and prostitutes." *United States v. Brooks*, 610 F.3d 1186, 1195 (9th Cir. 2010). His testimony was helpful to the jury in interpreting coded language used by pimps and prostitutes, and it was relevant to rebut Pruitt's argument that his relationship with A.D. was romantic. The testimony was not unduly prejudicial. *See United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001); Fed. R. Evid. 403. Pruitt does

not identify any case holding that a district court must give a limiting instruction when an expert witness gives expert testimony but not lay testimony. Therefore, the district court did not plainly err by failing to give a limiting instruction as to Detective Petrulli's testimony. *See Depue*, 912 F.3d at 1234.

The district court did not err by admitting Pruitt's jailhouse phone call to A.D. acknowledging that he was "not supposed to be communicating" with her. At the first trial, the evidence was relevant to the witness-tampering count, 18 U.S.C. § 1512(b), because it tended to show Pruitt's consciousness of wrongdoing and that he knowingly corruptly persuaded A.D. with the intent to influence, delay, or prevent the testimony of A.D. in the case. At the second trial, Pruitt opened the door to this evidence when his counsel implied that Pruitt had financial reasons for using the identification of other inmates to call A.D., rather than because he knew his calls violated a no-contact order. *See United States v. Sine*, 493 F.3d 1021, 1038 (9th Cir. 2007).

Because the district court did not err (or any errors were harmless), there was no cumulative error. *See United States v. Fernandez*, 388 F.3d 1199, 1256–57 (9th Cir. 2004). Likewise, there was sufficient evidence to convict Pruitt, because taking the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Pruitt guilty of child-sex trafficking, transportation of a

4

minor for prostitution, and witness tampering. *See United States v. Maggi*, 598 F.3d 1073, 1080 (9th Cir. 2010) *overruled on other grounds by United States v. Zapeda*, 792 F.3d 1103 (9th Cir. 2015) (en banc). As to child-sex trafficking, a rational trier of fact could have found Pruitt guilty based on A.D.'s testimony and the prison-call evidnce. *See Vega v. Ryan*, 757 F.3d 960, 969 (9th Cir. 2014). As to transportation of a minor for prostitution, a rational trier of fact could have found, based on the testimony of Pruitt and A.D., that Pruitt drove A.D. from California to Nevada to engage in prostitution. And a rational trier of fact could have found that Pruitt's instructions to A.D. to change her phone number and throw away her phone so the police could not track her constituted witness tampering.

An indictment's omission of the element that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" in violation of 18 U.S.C. § 922(g)(1), *Rehaif v. United States*, 139 S. Ct. 2191 (2019), does not deprive the district court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 631 (2002); *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002). The jury instructions for the § 922(g)(1) offense were not plainly erroneous, given that one of the Pruitt's prior felonies was for being a felon in possession of a firearm, and such a conviction proved beyond a reasonable doubt

that Pruitt had the knowledge required by *Rehaif*. *See United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019).[2]

The district court did not abuse its discretion by applying a two-level enhancement for use of a computer. *See* U.S.S.G. § 2G1.3(b)(3). Section 2G1.3(b)(3) does not require that the defendant himself use the computer, and the plain language of the Guidelines, rather than any contrary language in the application notes, *see* U.S.S.G. § 2G1.3 cmt. n.4 (2016), is controlling. *See United States v. Jackson*, 697 F.3d 1141, 1146 (9th Cir. 2012). Nor did the district court abuse its discretion by failing to apply a downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 1B1.1(a)(5), after Pruitt stipulated to only one of several counts, *see United States v. Ginn*, 87 F.3d 367, 370 (9th Cir. 1996). And, although the district court erred by failing to group the witness tampering count with the underlying offense count, the error was harmless. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010). The district court stated that, even if it made a mistake in the guidelines calculation, it would have imposed the same

---

[2] To the extent Pruitt argues that his stipulation to the elements of the felon-in-possession charge is invalid in light of *Rehaif*, he has not shown that he would have entered a different stipulation in light of *Rehaif* or that he did not enter the stipulation with "sufficient awareness of the relevant circumstances and likely consequences." *United States v. Larson*, 302 F.3d 1016, 1021 (9th Cir. 2002) (citation omitted).

sentence—which was 60 months below the guidelines range—because of "the seriousness of the offense and the nature of [the] crimes."

As to the conditions of supervised release, the place restriction is not unconstitutionally vague or overbroad. *See United States v. Blinkinsop*, 606 F.3d 1110, 1121 (9th Cir. 2010); *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018). Nor did the district court plainly err by imposing the pornography conditions or the polygraph condition, which are similar to conditions that we have upheld. *See United States v. Daniels*, 541 F.3d 915, 926, 927 (9th Cir. 2008). There is no contrary controlling authority on point. *See United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015). The risk-notification condition is nearly identical to the language in Sentencing Guideline Manual § 5D1.3(c)(12), which we approved in *United States v. Magdirila*, 962 F.3d 1152, 1159 (9th Cir. 2020) and *Evans*, 883 F.3d at 1164. Thus, the district court did not plainly err by implementing that condition.

The parties agree that we should order a limited remand so that the district court can conform its written judgment to its oral sentence on the following conditions: 1. Substance Abuse Treatment; 4. Place restriction; 11. Mental Health Treatment. The parties also agree that a limited remand is necessary to allow the district court to consider the enhancement for obstruction of justice, *see* U.S.S.G.

§ 3C1.1, and either make an express finding of willfulness or resentence the defendant without the enhancement. *See United States v. Castro-Ponce*, 770 F.3d 819, 823 (9th Cir. 2014); *United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016).

We therefore affirm Pruitt's conviction, vacate the obstruction enhancement and order a limited remand so that the district court can reconsider the obstruction enhancement and conform its written judgment to its oral sentence.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**