NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL VILLEGAS, AKA Jose
Figueroa-Garcia,

Defendant - Appellant.

No. 23-3492

D.C. No.
3:23-cr-00044-TWR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted November 19, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Manuel Villegas appeals his conviction for one count of illegal reentry in

violation of 8 U.S.C. § 1326(a) on the grounds that his jury waiver was invalid. We

have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"We review the adequacy of a jury-trial waiver de novo." *United States v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Shorty*, 741 F.3d 961, 965 (9th Cir. 2013). "To be valid, a defendant's waiver of the Sixth Amendment right to a jury trial must be voluntary, knowing, and intelligent." *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018). A written jury waiver signed by the defendant that complies with Federal Rule of Criminal Procedure 23(a) typically creates a presumption that the defendant's waiver is valid. *Id*. at 1106–07. However, where a district court is "on notice that the defendant's waiver 'might be less than knowing and intelligent'" because "the record indicates a special disadvantage or disability bearing upon the defendant's understanding of the jury waiver," the district court may not rely on a presumption of validity and must otherwise ensure the waiver is voluntary, knowing, and intelligent. *United States v. Duarte-Higareda*, 113 F.3d 1000, 1003 (9th Cir. 1997) (quoting *United States v. Christensen*, 18 F.3d 822, 826 (9th Cir. 1994)). In these circumstances, we have directed district courts to conduct a colloquy with the defendant. *See id.*

The district court failed to do so here. Thus, we must determine whether "the record otherwise shows that the defendant's waiver was voluntary, knowing, and intelligent." *Laney*, 882 F.3d at 1108; *see also United States v. Ceja*, 23 F.4th 1218, 1224–25 (9th Cir. 2022) (finding that a non-English speaking defendant's jury waiver was valid despite the lack of a written waiver or complete colloquy, where the record contained an oral waiver conducted through an interpreter, a

partial colloquy, and no "suggest[ion] that [the defendant's] waiver might not be knowing and intelligent"). We have found a jury waiver invalid where the record contained a written jury waiver signed by a non-English-speaking defendant but did not reflect whether it had been translated into Spanish, and no colloquy or additional facts established that the defendant's waiver was voluntary, knowing, and intelligent. *Duarte-Higareda*, 113 F.3d at 1002–03. Here, however, there are additional facts bearing on the validity of Villegas's jury waiver.

Villegas has been removed from the United States on at least 9 prior occasions. This time, a jury waiver and request for a bench trial was filed soon after a stipulation, also in English and signed by Villegas. The document, which stated it was "entered into freely and voluntarily by all parties" and would serve as evidence in lieu of witness testimony, stipulated to facts establishing all elements of the crime. Villegas was represented by counsel and he does not challenge the validity of the stipulation. *See United States v. Larson*, 302 F.3d 1016, 1020–21 (9th Cir. 2002) (holding that to be valid, a stipulation must be knowing and intelligent, requiring that a defendant "entered into it 'with sufficient awareness of the relevant circumstances and likely consequences'" (quoting *Adams v. Peterson*, 968 F.2d 835, 844 (9th Cir. 1992) (en banc))). Thus, we accept that Villegas "knew of the effect of the stipulation and made an intelligent decision to shoulder the consequences" of stipulating to all elements of the offense. *Id.* at 1021.

That Villegas knowingly and intelligently stipulated to all the elements of his offense is consistent with a choice to proceed with a bench, rather than jury, trial, and is evidence that Villegas's subsequent jury waiver was also knowing and intelligent. In the absence of any contention that the stipulation was not knowing and intelligent, and any argument as to why Villegas's stipulation is not probative of the knowing and intelligent nature of his jury waiver, we conclude under these circumstances that Villegas's jury waiver was valid. *See Laney*, 882 F.3d at 1108.

**AFFIRMED**.